IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Rhinehart, | ) Civil Action No.: 6:19-1219-BHH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Andrew Saul, Commissioner of Social Security, | ) |
| Defendant. | ) |

This action is brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Michael Rhinehart's ("Plaintiff") claim for supplemental security income benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C. In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

**BACKGROUND**

Plaintiff filed an application for supplemental security income benefits on October 28, 2015, alleging disability beginning on July 1, 2011. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on February 20, 2018. On June 12, 2018, the ALJ issued a

decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on April 29, 2019.

## **STANDARDS OF REVIEW**

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II.   Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is

2

"substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

**I.     The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed

to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 28, 2015.  Next, the ALJ determined that Plaintiff has the following severe impairments: obesity, anxiety, affective disorders, and learning disorder-organic brain disorder.  The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform medium work as defined in 20 C.F.R. §§ 404.1567(c) except lift/carry/push/pull 25 pounds frequently and 50 pounds occasionally; sit, stand, and walk up to six hours each for an eight-hour workday with normal two-hour breaks; additional physical and nonexertional limitations: occasional climbing of ladders; frequent climbing of steps; frequently balance, stoop, crouch, kneel, and crawl; avoid concentrated exposure to hazards; maintain concentration, persistence, and pace for at least two-hour periods at a time for simple, routine, repetitive tasks and instructions; no more than occasional interaction with the general public, frequent interaction with coworkers; and avoid high volume, fast pace production type assembly jobs.  The ALJ found that Plaintiff is unable to perform his past relevant work but that, considering the claimant's age, education, work experience, and residual functional

4

capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform. Thus, the ALJ found that Plaintiff has not been under a disability since October 28, 2015, the date the application was filed.

## II.     The Court's Review

In this action, Plaintiff asserts that the ALJ erred in assessing his RFC by failing to properly account for his moderate limitations in concentration, persistence, and pace. RFC represents the most a claimant can do despite his limitations, and it is the ALJ's responsibility to make an RFC assessment by considering all of the relevant medical and other evidence in the record. Social Security Ruling 96-8p provides that an ALJ's RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." S.S.R. 96-8p, 1996 WL 374184, *7.

In his Report, the Magistrate Judge thoroughly reviewed the ALJ's RFC assessment and found that the ALJ appropriately assessed Plaintiff's limitations and cited substantial evidence to support her conclusion. The Magistrate Judge distinguished this case from *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), and relied on the more recent decisions of *Shinaberry v. Saul*, 952 F.3d 113 (4th Cir. 2020), and *Merriweather v. Acting Comm'r of Soc. Sec. Admin.*, C.A. No. 5:18-cv-00421-RBH, 2019 WL 3282716 (D.S.C. July 22, 2019), in finding that the ALJ adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace by explaining how long and under what conditions Plaintiff could focus and maintain simple tasks and by including restrictions related to Plaintiff's ability to work in proximity to others without distraction. Thus, the Magistrate Judge found that substantial evidence supports the ALJ's decision.

In his objections to the Magistrate Judge's Report, Plaintiff asserts that the Magistrate Judge erred in determining that the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace. Plaintiff asserts that "the ALJ herself never went through and discussed how the actual evidence would or would not have impacted Plaintiff's ability to work with sufficient concentration, persistence and pace to perform sustained work for eight (8) hour days and forty (40) hour weeks." (ECF No. 24 at 1.) Lastly, Plaintiff repeats his argument that this case is distinguishable from *Merriweather*, asserting that the RFC assessment in *Merriweather* included additional restrictions not present in this case.

After review, the Court finds no merit to Plaintiff's objections. As the Magistrate Judge explained, the Fourth Circuit in *Mascio* remanded a case where the ALJ did not properly explain why a finding of moderate limitations in concentration, persistence, or pace at step three of the sequential evaluation process did not translate into a limitation within the RFC assessment. 780 F.3d at 638. The court explained that an ALJ cannot summarily account for a moderate limitation in concentration, persistence, and pace by simply restricting a claimant to simple, routine, or unskilled work, because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* The Fourth Circuit's holding in *Mascio*, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry*, 952 F.3d at 121.

In *Shinaberry*, the Fourth Circuit found that an ALJ sufficiently explained why a mental limitation to simple, routine, and repetitive tasks properly accounted for the plaintiff's borderline intellectual disability and her moderate limitations in her concentration,

6

persistence, or pace, noting that the ALJ discussed in detail the psychological evaluations and the plaintiff's adult function report. *Id.* at 121-22. The court explained:

> In sum, and unlike in *Mascio*, the ALJ in this case addressed Shinaberry's lifelong, borderline intellectual disability, including her moderate limitations in concentration, persistence, or pace. The ALJ explained why the psychological evidence and Shinaberry's statements support a mental limitation to simple, routine, and repetitive tasks. And the ALJ included the mental limitation in the hypothetical question posed to the vocational expert. Moreover, while Shinaberry's severe impairments include her borderline intellectual functioning, she had been employed for decades despite her mental limitations. Accordingly, we hold that the ALJ's findings and the mental limitation including in the RFC are sufficiently explained and supported by substantial evidence in the record.

*Id.* at 122.

Similarly, in *Merriweather*, Judge Harwell found that an ALJ properly accounted for the plaintiff's moderate limitation in concentration, persistence, or pace and adequately explained how it affected the plaintiff's RFC. C.A. No. 5:18-cv-00421-RBH, 2019 WL 3282716, *5. Judge Harwell explained:

> The ALJ in this case determined that Merriweather had moderate limitations in interacting with others, as well as in concentrating, persisting, or maintaining pace. In making the RFC assessment, the ALJ detailed Merriweather's mental health record and history, before ultimately finding that his depressive issues indeed warranted a restriction within the RFC to simple routine tasks and simple work-related decisions. The ALJ further limited Merriweather in determining that he is only able to maintain concentration, persistence, and pace for two hour periods. With respect to social interaction, the ALJ included further limitations within the RFC to include only occasional interaction with the general public. These limitations were presented in the hypothetical formulated to the vocational expert, as well. . . .
>
> Additionally, the ALJ provided other facts regarding Merriweather's mental abilities to support his RFC finding, including the fact that he worked or attempted to find work for at least a short period of time during the period in question and stopped working at the Salvation Army for reasons unrelated to his mental condition. . . .

7

*Id.* Plaintiff objects to the Magistrate Judge's reliance on this case and contends that the additional restrictions contained in *Merriweather* justified Judge Harwell's decision. As the Magistrate Judge correctly explained, however, the additional RFC restrictions in *Merriweather* do not appear to have factored into Judge Harwell's finding that the ALJ properly accounted for the plaintiff's moderate limitation in concentration, persistence, or pace. (*See* ECF No. 23 at 12.) Regardless, however, the Court agrees with the Magistrate Judge that this case is like *Shinaberry* and *Merriweather*, and unlike *Mascio*, because the ALJ here thoroughly detailed Plaintiff's mental health record and history, including Plaintiff's testimony, and the ALJ explained that he was giving great weight to the opinions of state agency psychological consultants, who determined: that Plaintiff can perform work with mental restrictions including avoiding work that requires ongoing interaction with the public; that Plaintiff can understand, remember, and carry out short and simple instructions and can maintain concentration and attention for periods of at least two hours; and that Plaintiff would be able to be aware of normal hazards and take precautions, all of which were limitations the ALJ incorporated into Plaintiff's RFC. As the Magistrate Judge noted: "A finding that a claimant with a moderate impairment with respect to concentration and pace is not inconsistent with a finding that he could keep pace in two hour segments during the workday." *Merriweather*, C.A. No. 5:18-cv-00421-RBH, 2019 WL 3282716, *5.

Ultimately, the Court agrees with the Magistrate Judge that, unlike in *Mascio*, the Court is not left to guess about Plaintiff's ability to perform work functions because the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, or pace by limiting Plaintiff to two-hour periods at a time for simple, routine, and repetitive tasks and instructions, and by limiting Plaintiff to no more than occasional interaction with the general

8

public, frequent interaction with coworkers, and no high volume, fast-paced production-type assembly jobs. As the Magistrate Judge determined, the ALJ outlined the medical evidence and other evidence in support of her findings and sufficiently explained why the aforementioned limitations adequately account for Plaintiff's moderate limitation in concentration, persistence, or pace. Thus, the Court finds that substantial evidence supports the ALJ's findings, and the Court overrules Plaintiff's objections.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 23) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 24) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 18, 2020
Charleston, South Carolina